Cite as 2017 Ark. App. 94



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–384

| | |
|---|---|
| | Opinion Delivered: February 15, 2017 |
| LAZARO VENEROS-FIGUEROA<br>APPELLANT | APPEAL FROM THE SEVIER COUNTY CIRCUIT COURT [NO. 67CR-15-38] |
| V. | |
| | HONORABLE CHARLES A. YEARGAN, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Lazaro Veneros-Figueroa appeals after he was convicted by a Sevier County jury of one count of rape. He was sentenced to serve a total of 360 months in the Arkansas Department of Correction. On appeal, appellant contends that the trial court erred by allowing L.S. to testify when she was not competent. We affirm.

Appellant was arrested and charged with raping his stepdaughter L.S., after L.S. disclosed to her mother that appellant had repeatedly subjected her to anal intercourse. At trial, L.S. testified that she was fourteen years old and that she understood that she swore to tell the truth. She explained that she knew that if she lied she would be in trouble. She described the alleged incidents of appellant raping her in detail and explained that appellant began by inappropriately touching her when she was eight years old. While the incidents began with appellant inappropriately touching her, they continued to get worse and later involved anal intercourse. On cross-examination, L.S. testified that she had been having

nightmares and that she had seen defense counsel in one of her nightmares, despite the fact that she had not met defense counsel prior to trial. She also admitted on cross-examination that she believed that she had previously seen a "spirit" friend who later died.

Deputy Brian Hankins testified that he spoke with L.S. during his investigation, and L.S. told him that the incidents took place over several years. Odia Russette, a registered nurse employed by the Children's Advocacy Center of Texarkana (Advocacy Center), testified that she interviewed and examined L.S. L.S. told her about the incidents, and during a physical exam, Russette observed scarring consistent with L.S.'s allegations.

L.S.'s mother, Lorenza Sostenes, testified in appellant's presentation of evidence. She testified that her daughter had constipation issues in the past that required her to give her enemas. Sostenes admitted that L.S. had told her one night that a "spirit" had told L.S. to start a fire in her bedroom and, on another occasion, that a girl at school had touched her inappropriately in a school bathroom. Sostenes testified that she made the report to the hotline after L.S. had disclosed appellant's abuse to her. She further indicated that L.S. did not lie to her and that L.S. described the incidents with appellant to her in detail. Sostenes finally testified that she believed her daughter more than appellant because L.S. had nothing to gain by making the allegations.

Appellant testified on his own behalf and denied the allegations. Appellant moved for a directed verdict at the close of the State's case and again after all evidence was presented, alleging that there were some "credibility issues" with L.S. because she had given "different stories" about the incidents. The trial court denied the motions. The jury convicted

appellant, and appellant was sentenced to serve 360 months' imprisonment.  This appeal followed.

On appeal, appellant does not contest the sufficiency of his conviction.  Instead, he contends that the trial court erred by allowing L.S. to testify when she was not competent.  Appellant argues that L.S. "had an inability to exist in reality" because she testified that she saw defense counsel in her nightmares and believed that a "spirit" had visited her.  However, appellant failed to challenge L.S.'s competency as a witness at trial.  *See Stevenson v. State*, 2009 Ark. App. 582.  Additionally, even in appellant's motion for directed verdict, he argued only that the evidence was insufficient because L.S. was not credible—not because she was incompetent, and appellant is bound by the nature and scope of the arguments he raised at trial.  *Johnson v. State*, 71 Ark. App. 58, 25 S.W.3d 445 (2000).  Therefore, we are precluded from addressing whether L.S. was competent and affirm on appeal.  *Id.*; *Baker v. State*, 2010 Ark. App. 843; *Stevenson, supra.*

Affirmed.

HARRISON and BROWN, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.